UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JULIA B. HAYES, individually and on behalf
of all others similarly situated,
                Plaintiff,

        MEMORANDUM AND ORDER

  -against-

        04-CV-3231 (CBA)(JMA)

AMERICAN AIRLINES, INC.

                Defendants.
----------------------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE:

I.    Introduction

    Plaintiff initiated this case in New York Supreme Court. She brings this action on behalf of a class of people who did not receive refunds of certain surcharges when airline tickets they purchased from defendant American Airlines ("American") expired unused. She alleges causes of action for breach of contract, unjust enrichment and violation of New York General Business Law § 349.

    On July 28, 2004, American removed the action to federal court on the grounds that the this Court had federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 28 U.S.C. § 1442(a)(1) because American was acting under the direct control of a federal agency. Plaintiff subsequently moved to remand this action to state court arguing that removal to this Court was improper. American opposed this motion, asserting that federal jurisdiction existed under both § 1331 and § 1442(a)(1). The motion was referred to the Magistrate Judge Azrack, who recommended that the motion be denied as jurisdiction was present under both provisions. In her Objections to the R&R, plaintiff argued that federal jurisdiction was not available under

1

either provision.

As the landscape of §1331 jurisprudence has changed significantly since the Magistrate Judge issued her Report and Recommendation ("R&R"), this Court adopts the conclusion of the Magistrate Judge's R&R as the Opinion of this Court to the extent that it found federal question jurisdiction available under §1331, but does so with an expanded discussion of the recently decided cases.[1]

II.    Federal Question Jurisdiction

A defendant may remove a civil action from state court to federal court as long as the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Original jurisdiction exists *inter alia* if the asserted cause of action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331.

   A.    Pre-Grable

In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), the United States Supreme Court first considered whether federal question jurisdiction could be found where, as here, "Congress did not intend a private federal remedy for violations of the statute that it enacted." Id. at 811. The Merrell negligence complaint incorporated a federal statute as setting a standard of care which defendants had allegedly breached. Citing prior Supreme Court case law, petitioners argued that where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983), federal question jurisdiction is appropriate.

---

[1] The Court notes that neither party either notified the Court of these developments or requested an opportunity to submit briefs regarding them.

The Merrell Court disagreed, holding that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Merrell, 478 U.S. 804, 814 (1986).

Under this guidance, in West 14th Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188 (2d Cir. 1987), the Second Circuit Court of Appeals held that it must look beyond the face of the federal law in question "to the nature of the federal interest at stake" to determine if federal question jurisdiction is appropriate. Id. at 193. Although the West 14th court ultimately found a federal cause of action, it also noted that even in the absence of that federal cause of action, the "federal element in plaintiffs' state cause of action would still be sufficiently substantial to confer arising under jurisdiction." Id. at 196. The court distinguished Merrell on the basis that the federal statute there was "merely incorporated by reference as a standard of conduct in a state negligence action" whereas in West 14th "the federal issue [wa]s decisive because upon [the federal statute's] construction the vindication of rights and definition of relationships created by federal law depends." Id. (internal quotation marks and citations omitted). Thus, West 14th appeared to hold that a federal cause of action was not necessary for federal question jurisdiction in the Second Circuit.

In her objections to the Magistrate Judge's R&R, plaintiff argued that this language from West 14th was in fact dicta and directed this Court to a decision of the Second Circuit which she believed to be more faithful to Merrell, namely Barbara v. New York Stock Exchange, where the Second Circuit held that the "lack of a private right of action counsels against the finding of

3

federal question jurisdiction." 99 F.3d 49, 55 (2d Cir. 1996).[2]

Plaintiff also suggested that this Court ought to follow the 10th Circuit rule as enunciated in the Oklahoma cases related to the present dispute and refuse to find federal question jurisdiction in the absence of a federal cause of action.[3] In Brown v. Delta Airlines, No. Civ-03-871, 2004 U.S. Dist. LEXIS 28508 (D. Okla. Oct. 8, 2004), the Oklahoma Western District Court relied on the 10th Circuit's decision in Rice v. Office of Servicemembers' Group Ins., 260 F.3d 1240 (10th Cir. 2001) which read Merrell as holding that for federal question jurisdiction to apply to a state law cause of action,"its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action." Id. at 1245 (citing Merrell 478 U.S. at 808) (emphasis added). Thus, even though the Brown court was satisfied under facts identical to those at bar that the plaintiff's claims "would require interpretation of these statutes and that this would present a substantial question of federal law"

---

[2]In large part moot because of the developments discussed below, it might also be noted that a holding that the absence of a federal cause of action "counsels against" a finding of federal question jurisdiction does not preclude such a finding in such an absence.

[3]At the time this action was commenced, American was also defending a similar putative class action in Oklahoma state court, and three other airlines were defending similar suits in the Western District of Oklahoma. On or around August 31, 2004, American sought and obtained leave from this Court to transfer the action to the Western District of Oklahoma. However, on October 8, 2004, the Western District of Oklahoma remanded the three actions before it, concluding that plaintiffs had no private right of action under federal law (which it held was required in the 10th Circuit to establish federal question jurisdiction). Brown v. Delta Airlines, Inc., No. CIV-03-8710-L; Stem v. Continental Airlines, Inc., No. CIV-03-942-L; Stem v. Northwest Airlines, Inc., No. CIV-03-901-L. Accordingly, American notified this Court that it would no longer seek transfer.
    On July 22, 2004, the Oklahoma state court dismissed plaintiff's actions against American, holding that the matter should be addressed to the federal courts. Coleman v. American Airlines, Inc., Case No. CJ-2002-650 (Dist. Ct., Canadian County, Oklahoma) (Cunningham, J.). The Oklahoma Court of Civil Appeals affirmed this decision on March 15, 2005. Coleman v. American Airlines, Inc., Case No. 101,106 (Okla. Civ. Appl.).

4

(Brown, 2004 U.S. Dist. LEXIS 28508, at *7-8), it determined that the statutes did not create a private right of action and so held that removal was inappropriate.

In sum, when the Magistrate Judge issued her R&R on May 13, 2005, the circuit courts were split as to whether federal question jurisdiction could be found absent a federal cause of action, and some question remained as to the Second Circuit's position on this point.

B. Grable and Broder

On June 12, 2005, the Supreme Court decided Grable & Sons Metal Products, Inc., _ U.S._; 125 S. Ct. 2363; 162 L. Ed. 2d. 257 (2005). The plaintiff had brought a quiet title action in state court after property seized from him by the Internal Revenue Service ("I.R.S.") had been sold to the defendant. Grable, 125 S. Ct. at 2365; 162 L. Ed. 2d at 262. The plaintiff claimed that the I.R.S. had failed to provide proper notice before the seizure, as the relevant federal statute required. Id. The defendant then removed the action to federal court on the theory that the case presented a federal question, specifically, whether the notice given satisfied the relevant federal tax law. Id.

The Court held that the determinative question is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 125 S. Ct. at 2368; 162 L. Ed. 2d at 265. The Court affirmed the lower court's determination that federal jurisdiction was appropriate, noting that Merrell "should be read in its entirety as treating the absence of a federal right of action as evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." Grable, 125 S. Ct. at 2370; 162 L. Ed. 2d at 267 (internal citations and quotation marks omitted).

Thus, it is now clear that the exercise of federal question jurisdiction is permissible in the absence of a federally created private cause of action where other indicia indicate that the exercise of federal jurisdiction would not disturb the balance between the federal and state judicial systems.

The Second Circuit recently applied the three part <u>Grable</u> test in <u>Broder v. Cablevision Sys. Corp.</u>, 418 F.3d 187 (2d Cir. 2005). The plaintiffs had challenged the selective offering of a reduced cable television subscription to owners of summer homes. <u>Id.</u> at 191. Plaintiffs alleged breach of contract, violation of New York General Business Law, common law fraud and unjust enrichment. <u>Id.</u> at 192-93. The breach and fraud claims were based on contractual provisions stating that rates and changes would be subject to applicable law, which would include 47 U.S.C. §543(d), requiring cable operators to offer uniform rate structures. <u>Id.</u>

Reviewing the test set out in <u>Grable</u>, the court held that plaintiff had satisfied the first prong by stating a federal issue with regard to whether Section 543(d) had been violated, and had satisfied the second prong by demonstrating that whether or not the statute was violated was the issue of contention. <u>Id.</u> at 195. As to the third prong, the court noted that the <u>Grable</u> court found this last requirement was satisfied "even in the absence of a private right of action" because it is "the rare state quiet title action that involves contested issues of federal law." <u>Broder</u>, 418 F.3d at 196 (citing <u>Grable</u>, 162 L. Ed. 2d at 257; 125 S. Ct. at 2371). Accordingly, the issue could be entertained by a federal court without disturbing any congressionally approved balance of federal and state judicial responsibilities. <u>Id.</u> The court concluded that, "as in <u>Grable</u>, allowing federal jurisdiction here will not materially affect, or threaten to affect, the normal currents of litigation." <u>Id.</u> Deciding that all three <u>Grable</u> factors had been met, the court then affirmed the

district court's denial of the plaintiffs' motion to remand.  Id.

III.     Plaintiff's Cause of Action

This Court now evaluates plaintiff's claims in light of the three-prong Grable test: (1) whether the state-law claim necessarily raises a stated federal issue, (2) whether that stated federal issue is actually disputed and substantial, and (3) whether a federal forum may entertain that state-law claim without disturbing any congressionally approved balance of federal and state judicial responsibilities.  Grable, 125 S. Ct. at 2368; 162 L. Ed. 2d at 265.  The first two prongs are easily met.  Plaintiff has stated a federal issue as to whether the refunds in question are mandated by the relevant federal statutes and regulations and this issue is actually disputed and substantial.   Both parties have submitted letters advocating opposing interpretations of these provisions.

As to the third prong, following the rationale of Grable and Broder, a federal determination of the issue would not "disturb any congressionally approved balance of federal and state judicial responsibilities," Grable, 125 S. Ct. at 2368; 162 L. Ed. 2d at 265, or "materially affect, or threaten to affect, the normal currents of litigation."  Broder, 418 F.3d at 196.  Just as in Broder, it would be the rare breach of contract or unjust enrichment action or suit under New York General Business Law § 349 that would "assert a private right of action for violation of a federal law otherwise lacking one."  Broder, 418 F.3d at 196.  Moreover, once it is determined whether or not a refund of the surcharges is owed in the posited situation, the issue will be finally resolved.  In this case there is no "good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of [this state-law claim]." Grable, 125 S. Ct. at 2371; 162 L. Ed. 2d at 268. Moreover, the Court notes that the government has a

7

"direct interest in the availability of a federal forum to vindicate its own administrative action." Grable, 125 S. Ct. at 2368; 162 L. Ed. 2d at 265.

Therefore, the Magistrate Judge was correct in concluding that plaintiff's cause of action is properly in federal court. Whether or not this result was certain under Merrell and West 14th, it is under Grable and Broder.

IV. Conclusion

As this Court finds it has jurisdiction over American under §1331, it need not decide whether jurisdiction would have been appropriate under §1441(a)(2) as well. For the reasons stated in the R&R, and in light of the subsequent decisions in Grable & Sons Metal Products, Inc., 125 S. Ct. 2363; 162 L. Ed. 2d 257 (2005) and Broder v. Cablevision Sys. Corp., 418 F.3d 187 (2d Cir. 2005), the Court hereby adopts the R&R insofar as it finds this Court has jurisdiction over American under 28 U.S.C. § 1331 and denies plaintiff's motion to remand.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2005

Carol Bagley Amon
United States District Judge